UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CECIL L. GROOMES                    ]
    Petitioner,                 ]
                                    ]
v.                                  ]    No. 3:07-0124
                                    ]
WARDEN TONY PARKER                  ]
    Respondent.                 ]

To:    Honorable Robert L. Echols, United States District Judge

## REPORT AND RECOMMENDATION

By an order (Docket Entry No. 14) entered April 4, 2007, the Court referred this action to the Magistrate Judge "for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 304, L.R.M.P."

Presently before the Court is the respondent's Motion to Dismiss (Docket Entry No. 11). The petitioner has filed a Memorandum of Law (Docket Entry No. 15) in response. An evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545,550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). For the reasons stated below, the undersigned concludes that the respondent's Motion should be granted and this action should be dismissed.

### I. BACKGROUND

The petitioner, proceeding *pro se*, is an inmate at the West Tennessee State Penitentiary

1

in Henning, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Tony Parker, Warden of the prison, seeking a writ of habeas corpus.

On June 22, 1998, a jury in Williamson County found the petitioner guilty of especially aggravated robbery. For this crime, he received a sentence of twenty two (22) years in prison. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No. 13; Addendum No. 1. The Tennessee Supreme Court later denied the petitioner's application for further review. Docket Entry No. 13; Addendum No. 2.

In January, 2004, the petitioner filed with the Tennessee Court of Criminal Appeals a *pro se* Motion to Recall Mandate. That motion was denied shortly thereafter. Docket Entry No. 13; Addendum No. 4. The petitioner then filed a *pro se* petition for writ of habeas corpus in the Criminal Court of Lauderdale County. Docket Entry No. 13; Addendum No. 5. The state trial court summarily denied the petitioner's request for habeas corpus relief. Docket Entry No. 13; Addendum No. 6.

## II. PROCEDURAL HISTORY

On May 9, 2006, the petitioner filed the instant petition (Docket Entry No. 5-1) for federal habeas corpus relief in the District Court for the Western District of Tennessee.[1] He later filed an amended petition. Docket Entry No. 5-3. By an order (Docket Entry No. 5-4) entered January 22, 2007, the petition as amended was transferred to this judicial district for adjudication.

---

[1] A pleading from a prisoner is considered filed on the date that it is given to prison officials for posting. Houston v. Lack, 108 S.Ct. 2379 (1988). The petition was received in the Clerk's Office and stamped as filed on May 19, 2006. However, the petitioner signed and dated the petition on May 9, 2006. Therefore, the earlier date is deemed to be the date that the petition initiating this action was filed.

In the petition, the petitioner raises four claims for relief. These claims include (1) the jury was unconstitutionally impaneled; (2) the petitioner received excessive punishment; (3) his attorney denied the petitioner effective assistance of counsel[2]; and (4) a confession was coerced from the petitioner.

The Court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, by an order (Docket Entry No. 6) entered on February 14, 2007, the respondent was directed to file an answer, plead or otherwise respond to the petition.

### III. TIMELINESS OF THE PETITION

**A.) Statute of Limitation**

The respondent contends that this action is subject to dismissal because it is untimely. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996), was signed into law. This legislation made various changes to 28 U.S.C. § 2254 and other federal habeas corpus statutes. Among those changes was the addition of a one year period of limitation placed on the filing of § 2254 petitions. Consequently, a prisoner in custody pursuant to the judgment of a state court generally has one year from the date his judgment becomes final in which to file a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d).[3]

---

[2] At trial, the petitioner was represented by Judy Oxford, a member of the Williamson County Bar.

[3] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

The petitioner was found guilty on June 22, 1998. The limitation period will normally run from "the date on which the judgment became final by the conclusion of direct appeal or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time for seeking direct review has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000).

A direct appeal of the conviction in the state courts was concluded on March 4, 2002, the date that the Tennessee Supreme Court denied petitioner's application for discretionary review. *See* Docket Entry No. 13; Addendum No. 2. Adding ninety (90) days to this date, the petitioner's conviction became final on June 2, 2002. The petitioner had one year from this date, or until June 2, 2003, in which to initiate the instant action. The petition was not filed until May 9, 2006, well beyond the one year period of limitation. Therefore, this action is untimely.

**B.) Statutory Tolling of the Limitation Period**

It must be noted that the limitation period is statutorily tolled during the time that a *properly filed* application for post-conviction relief is pending in the state courts. 28 U.S.C. § 2244(d)(2). In this regard, the record shows that the petitioner never filed a petition for post-conviction relief in the state courts. The petitioner did file a *pro se* Motion to Recall Mandate (filed January 2, 2004) in the Tennessee Court of Criminal Appeals and a state habeas corpus petition in the Criminal Court of Lauderdale County (filed January 9, 2006). Both actions were filed well after the limitation period had already expired. Thus, these filings had no tolling effect on the limitation period. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

4

**C.) Equitable Tolling of the Limitation Period**

The period of limitation does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. <u>Dunlap v. United States</u>, 250 F.3d 1001, 1004 (6th Cir.), <u>cert</u> <u>denied</u>, 534 U.S. 1057 (2001).[4] The doctrine of equitable tolling, however, should be applied sparingly. <u>Id</u>., at pg. 1008. To determine whether equitable tolling would be appropriate in this case, the Court is obliged to consider five factors. These factors include (1) the petitioner's lack of notice of the filing requirement, (2) the petitioner's lack of constructive knowledge of the filing requirement, (3) the petitioner's diligence in pursuing his rights, (4) the absence of prejudice to the respondent, and (5) petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. <u>McClendon v. Sherman</u>, 329 F.3d 490, 494 (6th Cir. 2003).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. <u>Id</u>. He must demonstrate that he exercised reasonable diligence in bringing his claims to this Court in a timely manner. <u>Baldwin County Welcome Center v. Brown</u>, 104 S.Ct. 1723, 1726 (1984). In his Memorandum of Law, the petitioner does not challenge the respondent's contention that his habeas corpus petition was filed in an untimely manner. He does, however, suggest that he is entitled to equitable tolling of the limitation period because state prison officials and others gave him "misinformation and erroneous advice." Docket Entry No. 15 at pg. 10.

But nowhere in the record has the petitioner alleged that state officials, or anyone else for

---

[4] <u>Dunlap</u> involved the equitable tolling of the limitation period for the filing of a motion pursuant to 28 U.S.C. § 2255. Its holding, however, was made applicable to "...... habeas and all other cases....". <u>Dunlap</u> at pg. 1009.

5

that matter, in any way physically impeded his ability to speak with others outside the prison about his case or to file the instant action in a timely manner. The petitioner states that he has spent a great deal of time in segregation with limited access to a prison law library. These are conditions, however, that are typical for many prisoners and do not rise to the level of exceptional circumstances. In short, the untimely filing of this action is attributable to the petitioner's *pro se* status and ignorance of the law. These circumstances, though, are not sufficient to warrant equitable tolling. Allen v. Yukins, 366 F.3d 396 (6th Cir. 2004).[5] Therefore, an equitable tolling of the limitation period would not be appropriate in this instance.

## RECOMMENDATION

Upon careful consideration of respondent's Motion to Dismiss (Docket Entry No. 11), the petitioner's Memorandum of Law (Docket Entry No. 15) and the expanded record, it appears that the instant action is subject to dismissal because the petition is untimely. Accordingly, the undersigned respectfully RECOMMENDS that the respondent's Motion should be GRANTED and this action should be DISMISSED. If this Report and Recommendation is adopted and approved by the Court, it is further RECOMMENDED that a certificate of appealability should NOT issue.

Any objections to this Report and Recommendation must be filed with the Clerk of Court

---

[5] In his Memorandum of Law, the petitioner argues that the limitation period should not have begun to run until the date on which the State impediment that prevented him from timely filing was removed, rather than from the date his conviction became final. Docket Entry No. 15 at pg. 13. *See* 28 U.S.C. § 2244(d)(1)(B). He does not, however, give a specific date on which the State impediment was removed, an impediment he describes as inadequate legal assistants and outdated legal materials in the prison law library. These conditions are more indicative of petitioner's ignorance of the law rather than any impediment set forth by the State to prevent him from filing in a timely manner.

within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

                                                E. Clifton Knowles
                                                United States Magistrate Judge