# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CECIL L. GROOMES, | ) |
| | ) |
|     Petitioner, | ) |
| v. | )   No. 3:07-0124 |
| | )   JUDGE ECHOLS |
| WARDEN TONY PARKER, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

Pending before the Court are the *pro se* Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody (Docket Entry No. 1), Respondent's Motion to Dismiss (Docket Entry No. 11), and the Report and Recommendation ("R&R") entered by the United States Magistrate Judge (Docket Entry No. 16), to which Petitioner filed timely objections (Docket Entry No. 19).

When a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3); Fed.R.Civ.P. 72.

The Magistrate Judge recommends granting Respondent's Motion to Dismiss Petitioner's habeas corpus petition on the ground that the petition was untimely filed approximately three years after the statute of limitations ran. See 28 U.S.C. § 2244(d)(1). The Magistrate Judge also recommends that statutory tolling should not apply because Petitioner failed to file a post-conviction

1

action in state court at any time, and Petitioner filed both his Motion to Recall the Mandate and his state habeas corpus petition long after the time for filing a federal habeas petition expired. See 28 U.S.C. § 2244(d)(2); Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003). The Magistrate Judge further recommends that equitable tolling should not apply because Petitioner cannot meet the requirements for equitable tolling.

In his objections, Petitioner challenges the recommendation that equitable tolling should not apply. Petitioner claims that he was impeded in filing a federal habeas petition by the State's action in housing him in segregation at various prisons and denying him access to current legal materials and helpful legal assistants. Courts have held that inadequate access to legal materials is not a basis for equitable tolling, see e.g. Baker v. Norris, 321 F.3d 769, 771-772 (8th Cir. 2003), and while Petitioner contended in his Memorandum that the Court should consider "'the date on which the impediment to filing an action created by State action . . . was removed'" (Docket Entry No. 15 at 11-12), Petitioner did not indicate the date he contends the impediment was removed. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting equitable tolling can apply during impediment to timely filing created by State, but tolling ends when impediment created by State is removed).

Petitioner also alleges that various people and at least one private attorney he hired gave him incorrect advice about the deadline for filing his federal petition. Although Petitioner indicated in his filings that he would supply the Court with documents to support these contentions, the record is devoid of any such support. Even so, as the Magistrate Judge points out, Petitioner's general lack of knowledge about habeas law and improper advice given by others, including attorneys, are not grounds for equitable tolling. See Allen v. Yukins, 366 F.3d 396, 403-404 (6th Cir. 2004).

2

The Magistrate Judge correctly identified the five factors which drive the analysis on equitable tolling, see <u>McClendon v. Sherman</u>, 329 F.3d 490, 494 (6th Cir. 2003), and properly concluded that Petitioner had not satisfied those factors to warrant equitable tolling. Having carefully reviewed the entire record *de novo*, this Court agrees with the Magistrate Judge's analysis. Petitioner is charged with constructive knowledge of the filing deadline even if he did not personally know of it; in 2002 it was not reasonable for Petitioner to remain ignorant of the legal requirements for filing his petition when the law had changed in 1996; Petitioner was not diligent in pursuing his rights, waiting more than eighteen months to file a Motion to Recall the Mandate in January 2004 after his direct appeal became final on June 2, 2002, and failing to file a post-conviction action at all; and Respondent would be prejudiced if directed to address this untimely petition.

Accordingly,

(1) Petitioner's Objections to the R&R (Docket Entry No. 19) are hereby OVERRULED.

(2) The R&R of the Magistrate Judge (Docket Entry No. 16) is hereby ACCEPTED.

(3) Respondent's Motion to Dismiss (Docket Entry No. 11) for untimeliness is hereby GRANTED.

(4) The Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody (Docket Entry No. 1) is hereby DENIED.

(5) This case is hereby DISMISSED WITH PREJUDICE.

(6) Entry of this Order on the docket shall constitute entry of final Judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

(7) Because Petitioner cannot demonstrate that jurists of reason would find it debatable whether the Court was correct in its statute of limitations ruling, a Certificate of Appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE